# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Recreational Equipment, Inc. and DOES 1 to 25 mil.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Samuel Isaiah Schwartz

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 12/16/2022 11:48 AM
By: Perla Marquez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Monterey County Superior Court
*(El nombre y dirección de la corte es):*
1200 Aguajito Road
Monterey, CA 93940

**CASE NUMBER:**
*(Número del Caso):*
22CV003934

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Charles Schwartz, Esq.          SBN 122476          831-331-9909
7960-B Soquel Drive, No. 291
Aptos, CA 95060

DATE: 12/16/2022                Clerk, by  /s/ Perla Marquez                , Deputy
*(Fecha)*                       *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB
www.ceb.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Donald Charles Schwartz, Esq.     SBN 122476<br>Law Offices of Donald C. Schwartz<br>7960-B Soquel Drive, No. 291<br>Aptos                           CA   95003<br>TELEPHONE NO: 831-331-9909   FAX NO. *(Optional)*: 815-301-6556<br>E-MAIL ADDRESS *(Optional)*: donald@lawofficedonaldschwartz.com<br>ATTORNEY FOR *(Name)*: Plaintiff Samuel Isaiah Schwartz | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Monterey     CA   93940
BRANCH NAME:

PLAINTIFF: Samuel Isaiah Schwartz

DEFENDANT: Recreational Equipment, Inc. and

[X] DOES 1 TO 25 mil.

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 12/16/2022 11:48 AM
By: Perla Marquez, Deputy

**COMPLAINT**—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number)*:
Type *(check all that apply)*:
[ ] MOTOR VEHICLE     [ ] OTHER *(specify)*:
     [ ] Property Damage     [ ] Wrongful Death
     [X] Personal Injury     [ ] Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded     [ ] does not exceed $10,000
                        [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

22CV003934

1. **Plaintiff** *(name or names)*: Samuel Isaiah Schwartz
   alleges causes of action against **defendant** *(name or names)*: Recreational Equipment, Inc. and DOES 1 to 25 mil.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
           (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

CEB
www.ceb.com

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Schwartz v. Recreational Equipment, Inc. | CASE NUMBER: 22CV003934 |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): REI
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-10 mil.  were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 10 mil - 25 mil.  are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify):
      Defendant Recreational Equipment, Inc. does business in the City of Marina, Monterey County

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]         COMPLAINT—Personal Injury, Property Damage, Wrongful Death         CEB www.ceb.com         Page 2 of 3

PLD-PI-001

| SHORT TITLE: Schwartz v. Recreational Equipment, Inc. | CASE NUMBER: 22CV003934 |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☒ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☒ Other (specify):
       Slander, Intentional/Negligent Infliction of Emotional Distress, Federal and State Americans with Disabilities Act

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☒ property damage
    f. ☒ loss of earning capacity
    g. ☒ other damage (specify):
       ACCORDING TO PROOF.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☒ punitive damages
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
    ENTIRE COMPLAINT.

Date: 12/15/2022

DONALD CHARLES SCHWARTZ, ESQ.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   COMPLAINT—Personal Injury, Property Damage, Wrongful Death   Page 3 of 3
www.ceb.com

## ATTACHMENT TO COMPLAINT

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Samuel Isaiah Schwartz who demands a jury trial and alleges on information and belief as follows:

## GENERAL ALLEGATIONS

[1]  This case involves plaintiff Samuel Isaiah Schwartz, a 21-year-old young man who is handicapped with a post-surgical handicapped foot disorder.

[2]  On October 2, 2022, plaintiff Samuel Isaiah Schwartz visited the local defendant Recreational Equipment, Inc. ("REI") store and absolutely fell in love with the store and all the things the store had to offer. Enthralled by the idea that he could be an "owner" of the store and the concept of a "co-op" (i.e., cooperative) and that he could actually be an owner, Samuel immediately became a Lifetime Member of the defendant store co-op with the 1-year return policy and discounts on all the great merchandise.

[4]  So completely captivated by the store and its contents, plaintiff Samuel then went shopping for things that he could afford on a meager budget. In each and every store department Samuel was readily engaged by the sales staff. Each time Samuel participated in appropriate, conversation, post-COVID fist bumps and hugs to each and every (consenting) sales associate. Samuel just loved the REI store – and all the things and people in it! **At no time was Samuel ever inappropriate in any way – certainly not to sales staff that initiated involvement with him.**

[5]  Samuel started thinking about working in the store. He asked employees – almost all of them his age group – how they liked working in the store and about possible jobs the employees told him to go online and apply. (He did apply online but was told that all the positions were taken.)

[6]  Eventually, the "Store Manager" came over to Samuel and told him he wanted to talk. Samuel asked: "What about?" The Store Manager said that Samuel was "making" his employees "uncomfortable." Samuel replied: "How so?" Without any substantive reply, the Store Manager just issued a "warning" to Samuel to stop his supposed "uncomfortable behavior" or Samuel would be "trespassed from the premises." Samuel agreed to stop his (joyous) behavior – and did so. The Store Manager then walked away. [Noteworthy is that at no time was Samuel's "Lifetime Membership" revoked or any official charges, nor even an incident report, filed against Plaintiff Samuel Isaiah Schwartz.]

[7]  On December 10, 2022, when Samuel tried to do some Christmas shopping for his family. Upon entering the defendant REI store, plaintiff Samuel was approached by a store employee named "Bobby" who informed Samuel that he was permanently "banned" from the store and had been "trespassed" from the store and that Samuel had to leave. Samuel tried to explain that he (Bobby) was making a mistake, e.g., that Samuel had only been given "warning" by the Store Manager.

Employee Bobby would hear none of it and proceeded to demand that Samuel immediately leave the store. While leaving, Samuel protested to "Bobby" that this a complete and utter lie. Though immediately starting to go into a PTSD-like state of shock and horror, Samuel was able to state: "You are mistaken, I was not kicked out by the Store Manager The Store Manager only issued a warning."

As a result, Samuel is not able to make purchases under his "Lifetime Membership" or make returns in the store.

[8]  Samuel then went into a state of severe shock. The humiliation and rejection then triggered a reaction that has left him emotionally paralyzed, e.g., unable to function in society and get on with day-to-day functions knowing he can't go and buy merchandise. Samuel was improperly defamed, unable to acquire post-surgical equipment, was ripped-off of the "Lifetime Membership."

2

## PARTIES

[10] At all times relevant herein plaintiff Samuel Isaiah Schwartz ("plaintiff Samuel", "Samuel" or "Sam") was an adult living in the State of California. Samuel had a post-operative condition that was disclosed to the defendant sales staff while looking for shoes to accommodate his surgical foot. While engaging is COVID fist bumping, hugging and conversation with sales staff, **at no time was Samuel ever inappropriate in any way while responding to being approached by defendant's sale staff.**

[Plaintiff Samuel Isaiah Schwartz' great-grand-father, Charles Phineas Schwartz, was the personal attorney for Nobel Peace Prize Laureate Jane Addams and, as such, is a co-founder of the American Civil Liberties Union. As such, Sam feels strongly about his personal rights and civil liberties.]

[11] At all times relevant defendant Recreational Equipment, Inc. does business throughout the United States and the County of Monterey, California. Said defendant does business as REI Coop. Said defendant has some 25 million owners, whose names are not presently known are all sued herein are named as Doe defendants as set forth below.

[12] The true names and capacities, whether individual, corporate, associate or otherwise of defendants Does 1 through 25 million, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names and when the true names and capacities of such defendants have been ascertained, plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereupon alleges, that each defendant designated herein as a Doe is responsible, negligently, intentionally or in some manner, including within the ambit of the operation of a conspiracy, for the acts, facts, events, representations and happenings hereinafter referred to, and caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either through said defendants' own intentional, negligent, fraudulent, and/or other conduct, or through the conduct of its agents, servants or employees, and/or in some other manner. Plaintiff is informed and believes, and thereupon alleges, that at

all times stated herein defendants, and each of them, were the agents, servants, employees, alter egos, and/or joint venturers of their co-defendants and were as such acting within the scope, course and authority of such agency, employment and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as agent, servant, employee and/or joint venturer, including within the ambit of the operation of a conspiracy.

Therefore, plaintiff alleges as follows:

### FIRST CAUSE OF ACTION
### (Violation of Americans With Disabilities Act)

[13]  Plaintiffs by this reference incorporate paragraphs 1 through 12, inclusive, as well as each and every other allegation elsewhere set forth in this Complaint as if fully set forth and re-alleged herein.

[14]  Plaintiff Samuel Isaiah Schwartz is in a class of people intended to be protected, and actually protected, by the American With Disabilities Act Pub. L. No. 101-336, 104 Stat. 327 (July 26, 1990), codified at 42 U.S.C. § 12101 ("A.D.A.").

[15]  Defendants, and each of them, owed a duty of care under the federal ADA to all reasonably foreseeable people, invitees and guests, including plaintiff, to own, manage and/or control the REI co-op in a fashion that does not discriminate against persons like Samuel.

[16]  Plaintiff thereon alleges, that on December 10, 2022, defendants, and each of them, violated his rights under the federal ADA as set forth hereinabove.

[17]  As a legal, direct and proximate result of the reckless and negligent conduct in failing to meet the federal ADA standard of conduct, plaintiff Samuel I. Schwartz has sustained general and special damages resulting from having been evicted from the REI co-op store as set forth above. Plaintiff has therefore suffered and sustained damages resulting from his pain, suffering, physical and emotional disability, loss of enjoyment of life, fear, fright, shock, mental and emotional distress  all to his general damage in a sum in excess of the jurisdictional limits

4

Case 5:23-cv-00384-VKD   Document 1-3   Filed 01/26/23   Page 10 of 14

of this Court which will be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

[18] As a legal, direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered losses in an amount to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

[19] Because of each and every defendants'' acts and/or omissions, including those of Does 1 through 25 million, inclusive, were committed in deliberate, cold callous, malicious, intentional and/or unreasonable manner, as fully set forth above, causing injury plaintiff, and done with a conscious disregard of plaintiff Samuel Isaiah Schwartz, who requests the assessment of punitive and exemplary damages against each and every defendant in an around an amount appropriate to punish or set an example of them.

[20] Plaintiff is entitled to an award of attorney's fees and any other remedies available pursuant to the federal ADA.

Wherefore, the plaintiff prays for relief as further set forth below.

## SECOND CAUSE OF ACTION
### (Negligence)

[21] Plaintiffs by this reference incorporate paragraphs 1 through 20, inclusive, as well as each and every other allegation elsewhere set forth in this Complaint as if fully set forth and re-alleged herein.

[22] Plaintiff alleges the acts of defendants were the legal and proximate cause of damages to plaintiff.

[23] Plaintiff is in a class of people intended to be protected, and actually protected, by California Civil Code Section 1714(a), which statute imposes on property owners, including owners and manager of commercial retail operations, the obligation to exercise ordinary care and skill to prevent the injury of another, to wit:

"Everyone is responsible, not only for the result of their willful acts but also for an injury to another by their want of ordinary care or skill in the management of their property or person, except so far as the willful or by want of ordinary care, brought the injury upon themselves."

[24] Defendants, and each of them, owed such a duty of care under California Civil Code Section 1714(a) to all reasonably foreseeable people, invitees and guests, including plaintiff to own, maintain and control the premises of the REI co-op stores in a reasonable and safe manner.

[25] Instead of an environmentally safe place to be a Lifetime Member, shop and engage friendly conversation, defendants, and each of them, acted as set for the above.

[26] As a legal, direct and proximate result of the negligent conduct in failing to meet the standard of California law, including, but not limited to, Civil Code Section 1714(a), plaintiff has sustained damages resulting from the conduct as set forth hereinabove. Plaintiff has therefore suffered and sustained damages resulting from the loss of fear, right, shock, mental and emotional, general and special damages.

Wherefore, the plaintiff prays for relief as further set forth below.

### THIRD CAUSE OF ACTION
(Slander)

[27] Plaintiffs by this reference incorporate paragraphs 1 through 26, inclusive, as well as each and every other allegation elsewhere set forth in this Complaint as if fully set forth and re-alleged herein.

[28] The public proclamation by the defendant REI store employee "Bobby" to the effect that plaintiff was ever banned from the store "forever" was false and unprivileged.

[29] The statement had a natural tendency to cause special damage to the plaintiff or anyone like the plaintiff.

[30] Defendants, and each of them, were negligent in making the public proclamation.

[31] As a legal, direct and proximate result of the negligent conduct in failing to meet

6

the standard of California law, including, but not limited to, Civil Code Section 1714(a), plaintiff has sustained damages resulting from the conduct as set forth hereinabove. Plaintiff has therefore suffered and sustained damages resulting from the loss of fear, right, shock, mental and emotional, general and special damages.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

[32]  Plaintiffs by this reference incorporate paragraphs 1 through 31, inclusive, as well as each and every other allegation elsewhere set forth in this Complaint as if fully set forth and re-alleged herein.

[33]  The conduct of the defendant REI employees in spouting a lie about the plaintiff out loud, and repeating it, was outrageous.

[34]  The conduct of the defendant REI employees was intended to cause emotional distress to plaintiff and was done with a reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was present when the conduct occurred.

[35]  Plaintiff Samuel did suffer severe emotional distress.

[36]  As a legal, direct and proximate result of the intentional and/or reckless conduct as set for the herein, plaintiff Samuel I. Schwartz has sustained general and special damages resulting from having been evicted from the REI co-op store as set forth above. Plaintiff has therefore suffered and sustained damages resulting from his pain, suffering, physical and emotional disability, loss of enjoyment of life, fear, fright, shock, mental and emotional distress all to his general damage in a sum in excess of the jurisdictional limits of this Court which will be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

[37]  Because of each and every defendants'' acts and/or omissions, including those of Does 1 through 25 million, inclusive, were committed in deliberate, cold callous, malicious,

7

intentional and/or unreasonable manner, as fully set forth above, causing injury plaintiff, and done with a conscious disregard of plaintiff Samuel Isaiah Schwartz, who requests the assessment of punitive and exemplary damages against each and every defendant in an around an amount appropriate to punish or set an example of them.

Wherefore, the plaintiff prays for relief as further set forth below.

## FIFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

[38]   Plaintiffs by this reference incorporate paragraphs 1 through 37, inclusive, as well as each and every other allegation elsewhere set forth in this Complaint as if fully set forth and re-alleged herein.

[39]   The conduct of the defendant REI employees in yelling a lie about plaintiff out loud, and repeating it, and as otherwise set forth above, was negligent.

[40]   The conduct of the defendant REI employees caused emotional distress to plaintiff and was done negligently and did in fact cause plaintiff emotional distress.

[41]   As a legal, direct and proximate result of the negligent conduct as set for the herein, plaintiff Samuel I. Schwartz has sustained general and special damages resulting from having been evicted from the REI co-op store as set forth above. Plaintiff has therefore suffered and sustained damages resulting from his pain, suffering, physical and emotional disability, loss of enjoyment of life, fear, fright, shock, mental and emotional distress all to his general damage in a sum in excess of the jurisdictional limits of this Court which will be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

Wherefore, the plaintiff prays for relief as further set forth below.

## PRAYER

WHEREFORE, Plaintiff Samuel Isaiah Schwartz. prays for judgment against each defendant, jointly and severally, as follows:

8

1. For damages in excess of the jurisdictional limits of this Court and/or for $1 million or otherwise according to proof at trial;

2. For special damages in excess of the jurisdictional limits of this Court for $1 million or otherwise according to proof at trial;

3. For restitutionary relief as set forth hereinabove;

4. For judgment declaring the duties, rights and obligations of the parties to this action;

5. For punitive and exemplary damages according to proof;

6. For an award of fees, costs and expenses incurred by Plaintiffs in bringing this lawsuit; and

7. For such further and/or different relief as the Court may deem just and proper.

9